IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DAMIEN RASHAN PAYNE, )
)
Petitioner, )
)
v. ) Civil Action No. 3:22-cv-821-HEH
)
VIRGINIA DEPARTMENT OF )
CORRECTIONS, )
)
Respondent. )

## MEMORANDUM OPINION
(Dismissing Action Without Prejudice)

Petitioner Damien Rashan Payne ("Petitioner"), a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his convictions in the Circuit Court of Newport News (the "Circuit Court") of aggravated malicious wounding, use of a firearm in the commission of a felony, and willful discharge of a firearm in a public place. (Pet. at 1, ECF No. 1.)[1] Petitioner contends that he is innocent of those charges. (*Id.* at 5.) Respondent Virginia Department of Corrections ("Respondent") moves to dismiss (ECF No. 12) on the grounds that, *inter alia*, Petitioner has failed to exhaust his state court remedies. Specifically, Respondent notes that Petitioner currently has a Petition for a Writ of Actual Innocence Based on Nonbiological Evidence pending in the Court of Appeals of

---

[1] The Court employs the pagination assigned by CM/ECF.

Virginia. (Resp't's Br. in Supp. at 2–3, ECF No. 14.) For the reasons set forth below, the Motion to Dismiss will be granted.

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "is rooted in considerations of federal-state comity," and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n. 10 (1973)). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal citation and quotations omitted). A petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . *if he has the right under the law of the State to raise, by any available procedure, the question presented.*" 28 U.S.C. § 2254(c) (emphasis added). Here, Petitioner currently has a Petition for a Writ of Actual Innocence Based on Nonbiological Evidence pending in the Court of Appeals of Virginia. Therefore, he has not exhausted his available state remedies. Accordingly, the Motion to Dismiss (ECF No. 12) will be granted. The action will be dismissed without prejudice to Petitioner. Petitioner may refile after he has exhausted his state remedies.

2

An appropriate order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Sept. 29, 2023
Richmond, Virginia